FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA D.,<br><br>                    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | NO:  1:20-CV-03076-FVS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary

judgment.  ECF Nos. 17, 19.  This matter was submitted for consideration without

oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is

represented by Special Assistant United States Attorney Martha A. Boden.  The

Court, having reviewed the administrative record and the parties' briefing, is fully

informed.  For the reasons discussed below, the Court **GRANTS, in part,**

Plaintiff's Motion for Summary Judgment, ECF No. 17, **DENIES** Defendant's

Motion for Summary Judgment, ECF No. 19, and **REMANDS** the case for

additional proceedings consistent with this Order.

### JURISDICTION

Plaintiff Maria D.[1] filed applications for Disability Insurance Benefits (DIB)

and Supplemental Security Income (SSI) on February 21, 2017, Tr. 116-17,

alleging disability since July 1, 2016, Tr. 292, 299, due to back pain, right knee

pain, right hip pain, bladder problems, insomnia, depression, anxiety, headaches,

high blood pressure, diabetes, and high cholesterol, Tr. 314.  The applications were

denied initially, Tr. 172-74, 183-86, and upon reconsideration, Tr. 201-03, 212-14.

A hearing before Administrative Law Judge Tom L. Morris ("ALJ") was

conducted on August 8, 2018.  Tr. 42-79.  Plaintiff was represented by counsel and

testified at the hearing with the assistance of an interpreter.  *Id*.  The ALJ also took

the testimony of vocational expert Frederick Cutler.  *Id*.  The ALJ denied benefits

on October 30, 2018.  Tr. 25-36.  The Appeals Council denied Plaintiff's request

for review on April 2, 2020.  Tr. 1-6.  The matter is now before this Court pursuant

to 42 U.S.C. §§ 405(g), 1383(c)(3).

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use

Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name

only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 46 years old at the alleged date of onset.  Tr. 292.  Plaintiff completed school through the sixth grade in Mexico.  Tr. 315, 1242.  Plaintiff previously worked as a farm/orchard laborer and a packer/sorter in a warehouse.  Tr. 316, 343.  At the time of her application, Plaintiff stated that she stopped working on July 22, 2011, due to her conditions.  Tr. 315.

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation.  *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §

423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

1   404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

2   severe than one of the enumerated impairments, the Commissioner must find the

3   claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

4       If the severity of the claimant's impairment does not meet or exceed the

5   severity of the enumerated impairments, the Commissioner must pause to assess

6   the claimant's "residual functional capacity."  Residual functional capacity

7   ("RFC"), defined generally as the claimant's ability to perform physical and

8   mental work activities on a sustained basis despite his or her limitations, 20 C.F.R.

9   §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of

10  the analysis.

11      At step four, the Commissioner considers whether, in view of the claimant's

12  RFC, the claimant is capable of performing work that he or she has performed in

13  the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

14  If the claimant is capable of performing past relevant work, the Commissioner

15  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

16  If the claimant is incapable of performing such work, the analysis proceeds to step

17  five.

18      At step five, the Commissioner considers whether, in view of the claimant's

19  RFC, the claimant is capable of performing other work in the national economy.

20  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

the Commissioner must also consider vocational factors such as the claimant's age,

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2016, the alleged onset date.  Tr. 28.  At step two, the ALJ found that Plaintiff has the following severe impairments: dysfunction of major joints; diabetes mellitus; spine disorder; depression; and bipolar disorder. Tr. 28.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed

impairment.  Tr. 28.  The ALJ then found that Plaintiff had the RFC to perform

light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the

following limitations:

> [S]he is able to understand and remember simple, routine tasks.  She is
> able to carry out simple, routine tasks without a normal workweek
> without unreasonable interruption from her mental health symptoms.
> She is limited to brief and superficial interaction with the general
> public.  English is not her first language.  She may be off task up to 12
> percent over the course of an 8-hour work day.

Tr. 30.

At step four, the ALJ identified Plaintiff's past relevant work as agricultural

produce sorter, agricultural packer, and farm worker and found that Plaintiff could

perform her past relevant work as an agricultural produce sorter.  Tr. 34.  As an

alternative to denying the claim at step four, the ALJ made a step five

determination that, considering Plaintiff's age, education, work experience, and

RFC, there were other jobs that exist in significant numbers in the national

economy that Plaintiff could perform, including: cleaner housekeeping, bottling

line attendant, and security attendant.  Tr. 35.  On that basis, the ALJ concluded

that Plaintiff was not under a disability, as defined in the Social Security Act, from

July 1, 2016, the alleged onset date, through the date of his decision.  Tr. 36.

### ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

her DIB under Title II and SSI under Title XVI of the Social Security Act.  ECF No. 17.  Plaintiff raises the following issues for this Court's review:

1.    Whether the ALJ properly considered Plaintiff's symptom claims; and

2.    Whether the ALJ properly considered the statements of Plaintiff's daughter.

## DISCUSSION

### 1.    Plaintiff's Symptom Statements

Plaintiff challenges the ALJ's treatment of her symptom statements.  ECF No. 17 at 8-17.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom."  *Id*.

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

1  citations and quotations omitted).  "General findings are insufficient; rather, the

2  ALJ must identify what testimony is not credible and what evidence undermines

3  the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

4  Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

5  must make a credibility determination with findings sufficiently specific to permit

6  the court to conclude that the ALJ did not arbitrarily discredit claimant's

7  testimony.").  "The clear and convincing [evidence] standard is the most

8  demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995,

9  1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

10  924 (9th Cir. 2002)).

11       Here, the ALJ found Plaintiff's medically determinable impairments could

12  reasonably be expected to cause some of the alleged symptoms; however,

13  Plaintiff's "statements concerning the intensity, persistence and limiting effects of

14  these symptoms are not entirely consistent with the medical evidence and other

15  evidence in the record for the reasons explained in this decision."  Tr. 31.  The ALJ

16  identified five reasons for rejecting Plaintiff's symptom statements: (1) that the

17  statements were not supported by medical evidence; (2) that Plaintiff experienced

18  success with medical treatment; (3) that Plaintiff was advised to exercise; (4) that

19  Plaintiff was in no distress; and (5) that Plaintiff's depression was due to

20  situational stressors.  Tr. 31-33.

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1

### A.    Medical Evidence

2       The ALJ's first reason for rejecting Plaintiff's symptom statements, that

3  these statements were not consistent with the medical evidence, is not specific,

4  clear and convincing because it failed to specify what medical evidence

5  undermined Plaintiff's statements.

6       The Ninth Circuit has specifically held that a generic non-credibility finding

7  followed by a summary of the medical evidence does not meet the "specific"

8  portion of the "specific, clear and convincing" standard.  *Brown-Hunter v. Colvin*,

9  806 F.3d 487, 493 (9th Cir. 2015).  The Ninth Circuit held that when discussing a

10  claimant's symptom testimony, "[t]he clear and convincing standard is the most

11  demanding required in Social Security cases."  *Garrison*, 759 F.3d at 1014 *citing*

12  *Moore*, 278 F.3d at 924 (internal citations omitted).[2]  Therefore, any reason the

13  Court must "infer" from the ALJ's decision as a reason for rejecting Plaintiff's

14  testimony cannot meet the "specific, clear and convincing standard."  *See Brown-*

15  _____

16       [2]The language in *Garrison* identifying the clear and convincing

17  standard as the most demanding required in Social Security cases has been

18  continued to be referenced by the Ninth Circuit in decisions since the March

19  28, 2016 effective date of the S.S.R. 16-3p.  *See Trevizo v. Berryhill*, 871

20  F.3d 664, 678 (9th Cir. 2017).

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1   *Hunter*, 806 F.3d at 494 ("Although the inconsistencies identified by the district

2   court could be reasonable inferences drawn from the ALJ's summary of the

3   evidence, the credibility determination is exclusively the ALJ's to make, and ours

4   only to review.  As we have long held, '[W]e are constrained to review the reasons

5   the ALJ asserts.'" citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

6   Here, the ALJ found that Plaintiff's "symptoms are not entirely consistent with the

7   medical evidence," the ALJ then summarized the medical evidence, and concluded

8   that "[o]verall, the longitudinal history of the treatment notes fail to support the

9   claimant's allegations of disabling impairment."  Tr. 31-33.

10          This portion of the ALJ's determination rejecting Plaintiff symptom

11  statements was essentially nothing more than a summary of the evidence rejected

12  by the Ninth Circuit in *Brown-Hunter*.  Tr. 31-33.  Without some specific analysis

13  identifying how Plaintiff's statements were undermined by the medical evidence,

14  this reason fails to meet the specific, clear and convincing standard.

15          **B.    Medical Treatment**

16          The ALJ's second reason for rejecting Plaintiff's symptom statements, that

17  Plaintiff found success with medical treatment, is not supported by substantial

18  evidence.

19          The ALJ found that "[t]he records show that the claimant continued to

20  complain of musculoskeletal pain but indicate that these are generally controlled

21

1    with medical and injections." Tr. 33. "Impairments that can be controlled

2    effectively with medication are not disabling for the purpose of determining

3    eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001,

4    1006 (9th Cir. 2006).

5        The ALJ set forth evidence indicating that Plaintiff's pain was controlled

6    with medication and injections. Tr. 32. However, the record demonstrates that

7    Plaintiff experienced improvement with pain, not elimination of Plaintiff's pain.

8    First, the ALJ stated that Plaintiff's knee pain significantly improved with her

9    injection and her provider placed her on anti-inflammatory medication. Tr. 32.

10   While an injection for Plaintiff's knee "provided significant pain relief," the pain

11   returned within a few months. Tr. 1228. Plaintiff's provider asked her to begin

12   anti-inflammatory medications to treat the pain, Tr. 1230, but by the next

13   appointment she reported continued pain, Tr. 1231. In 2018, the record indicated

14   that the anti-inflammatory naproxen had failed to treat Plaintiff's pain. Tr. 1242.

15   The ALJ cited a March 2017 treatment record that said "[s]he states medications

16   are working good and no side effects" as evidence to support his determination.

17   Tr. 32 *citing* Tr. 603. However, this was listed as the "reason for appointment" and

18   not Plaintiff's reported symptoms, which were "[s]he states she has back pain

19   constant[ly]. Pain comes and goes in the back and she takes her pill. She states

20   pill helps a little bit. . . She states she is having pain just sitting down." Tr. 603.

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

The provider actually discontinued her current medication of diclofenac because it was not helping with the pain and prescribed Tylenol with Codeine. Tr. 604. The ALJ also relied upon evidence from the pain clinic in 2018 as demonstrating that injections worked to control her back and hip pain. Tr. 32 *citing* Tr. 1242. However, this record actually states "the patent has tried and failed conservative measures. [M]ost recent right L5-S1 transforaminal epidural steroid injection provided patient with about 30 percent pain relief." Tr. 1242. The provider characterized this as mild pain relief, but stated that "the patient is actually quite satisfied with the results. She states that this was enough to make her pain more tolerable and manageable." *Id*. While the record demonstrates that Plaintiff's impairments benefited from treatment, the ALJ failed to set forth evidence that Plaintiff's impairments were controlled effectively. Therefore, the ALJ's conclusion that Plaintiff's pain was "generally controlled with medication and injections" is not supported by substantial evidence. Additionally, the ALJ failed to state how any success with pain treatment undermined Plaintiff's statements. Therefore, even if the ALJ's conclusion was supported by substantial evidence, it failed to meet the specific, clear and convincing standard.

### C. Exercise

The ALJ's third reason for rejecting Plaintiff's symptom statements, that Plaintiff's providers instructed her to exercise, is not specific, clear and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1  convincing.

2         The ALJ found that "[i]t is noteworthy that the claimant's providers have

3  instructed her to exercise indicating that they believe she is capable of exertional

4  activities despite her impairments."  Tr. 33.  On August 24, 2017, Plaintiff's

5  provider counseled Plaintiff to increase her physical activity to manage her body

6  mass index which was at 29.99.  Tr. 1255, 1257.  While Plaintiff was counseled to

7  increase her exercise to address her increasing BMI, there is no evidence that her

8  provider was counseling her to increase her activity to any specified intensity level,

9  let alone an intensity level inconsistent with her reported limitations.  Therefore,

10  the ALJ's reason fails to meet the specific, clear and convincing standard.

11         **D.    No Distress**

12         The ALJ's fourth reason for rejection Plaintiff's symptom statements, that

13  her providers repeatedly observed that she was in no distress, is not specific, clear

14  and convincing.

15         Although an ALJ may consider medical evidence in addressing Plaintiff's

16  symptom statements, an ALJ may not simply cherry-pick evidence to show that a

17  claimant is not disabled; rather, the ALJ must consider the evidence as a whole in

18  arriving at a conclusion based on substantial evidence.  *Holohan v. Massanari*, 246

19  F.3d 1195, 1207 (9th Cir. 2001) ("[T]he ALJ selectively relied on some entries in

20  Holohan's records . . . and ignored the many others that indicated continued, severe

21

impairment.").  The ALJ concluded Plaintiff "is repeatedly observed to be in no

distress throughout the records."  Tr. 33.  The ALJ cited two locations in the record

in which Plaintiff was observed to be in no distress.  Tr. 32.  In doing so, the ALJ

cherry-picked statements in Plaintiff's medical records that she presented in no

distress while ignoring statements throughout the record showing that Plaintiff

experienced chronic pain.  In a November 10, 2017 evaluation for a headache and

high blood pressure, Dr. Emmans stated that Plaintiff was "in no acute distress."

Tr. 1316.  In A May 17, 2018 evaluation to follow up on Plaintiff's low back pain,

Dr. Hurtarte stated that she was "in no acute distress."  Tr. 1241.  In both

evaluations, the physicians did not complete a physical examination of Plaintiff's

knee, back, or hip that would elicit a pain response.  Tr. 1241, 1316.  Plaintiff's

symptom statements described chronic pain that was exacerbated with activities

including prolonged standing, walking, or sitting, Tr. 52-53, and not acute pain that

would manifest while in an exam room without further evaluation.

Additionally, district courts have questioned the applicability of the generic

chart note of "acute distress" to chronic conditions such as Plaintiff's.  *See Toni D.

v. Saul*, No. 3:19-cv-820-SI, 2020 WL 1923161, at *6 (D. Or. April 21, 2020)

*citing, Mitchell v. Saul*, No. 2:18-cv-01501-GMN-WGC, 2020 WL 1017907, at *7

(D. Nev. Feb. 13, 2020) ("Moreover, the court agrees with Plaintiff that notations

that Plaintiff was healthy 'appearing' and in no 'acute' distress do not distract from

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

the findings regarding Plaintiff's chronic conditions."); *Richard F. v. Comm'r of Soc. Sec.*, No. C19-5220 JCC, 2019 WL 6713375, at *7 (W.D. Wash. Dec. 10, 2019) ("Clinical findings of 'no acute distress' do not undermine Plaintiff's testimony. 'Acute' means 'of recent or sudden onset; contrasted with chronic.' Oxford English Dictionary, acute (3d ed. December 2011). Plaintiff's impairments are chronic, not acute."). Therefore, the generic chart note of "no distress" is not a clear and convincing reason to discount Plaintiff's symptom testimony.

## E.    Situational Stressors

The ALJ's fifth reason for rejecting Plaintiff's symptom statements, that her complaints of depression were largely in the context of situational stressors, is not supported by substantial evidence.

An ALJ may reasonably find a claimant's symptom testimony unreliable where the evidence "squarely support[s]" a finding that the claimant's impairments are attributable to situational stressors rather than impairments. *Wright v. Colvin*, No. 13-CV-3068-TOR, 2014 WL 3729142, at *5 (E.D. Wash. July 25, 2014) ("Plaintiff testified that she would likely be able to maintain full-time employment but for the 'overwhelming' stress caused by caring for her family members"). However, "because mental health conditions may presumably cause strained personal relations or other life stressors, the Court is not inclined to opine that one has caused the other based only on the fact that they occur simultaneously."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    *Brendan J. G. v. Comm'r, Soc. Sec. Admin.*, No. 6:17-CV-742-SI, 2018 WL

2    3090200, at *7 (D. Or. June 20, 2018).

3           Here, the ALJ found that Plaintiff's complaints of depression were related to

4    her physical health, housing, and finances.  Tr. 32-33.  However, concluding that

5    her depression was the result of situational stressors suggests that it was not the

6    result of a medical impairment.  This would be inconsistent with the ALJ finding

7    depression as a medically determinable severe impairment at step two.  Tr. 28.

8    While the record shows that Plaintiff discussed her housing, finances, and  divorce,

9    her biggest stressor was her physical health and pain.  Tr. 738, 742 (Plaintiff

10   reported thoughts of self-harm because she could not maintain a level of

11   independence due to her physical health); Tr. 750 (even after learning she got to

12   keep her house, she still scored a 16 on the PHQ-9); 753 ("Maria reports pain is her

13   biggest stressor at this time.").  Considering Plaintiff's depressive symptoms are

14   intertwined with her chronic pain, the ALJ's conclusion that her depressive

15   symptoms are related to financial stressors is not supported by substantial

16   evidence.

17          In conclusion, the ALJ has failed to set forth a specific, clear and convincing

18   reason for rejecting Plaintiff's symptom statements.  The case is remanded for the

19   ALJ to properly address such statements in the RFC determination.

20   / / /

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

2.      **Statements from Plaintiff's Daughter**

Plaintiff challenges the ALJ's rejection of the evidence provided by her

daughter.  ECF No. 17 at 17-21.

Plaintiff's daughter completed a function report in May of 2017.  Tr. 360-67.

She stated that "I have to let her know how many medications she has to take and

when she has to take it throughout the day."  Tr. 362.  "She never cooks, I have to

prepare the food for her."  *Id*.  She stated that she has to help with all the chores.

*Id*.  She also stated that Plaintiff "stresses out a lot, she gets mad over anything, she

can't concentrate anymore."  Tr. 365.  She further stated that Plaintiff can only lift

5 pounds.  *Id*.  The ALJ gave the evidence from Plaintiff's daughter "little weight"

because she "largely reiterates the claimant's subjective complaints, which I have

already considered.  Further, she opines drastic limitations such as stating that the

claimant can only lift 5 pounds, which is not supported by the longitudinal history

of the treatment notes as discussed above."  Tr. 34

Lay witness testimony is "competent evidence" as to "how an impairment

affects [a claimant's] ability to work."  *Stout v. Comm'r, Soc. Sec. Admin.*, 454

F.3d 1050 (9th Cir. 2006); 20 C.F.R. § 416.913(d)(4); *see also Dodrill v. Shalala*,

12 F.3d at 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a

position to observe a claimant's symptoms and daily activities are competent to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

testify as to her condition."). An ALJ must give "germane" reasons to discount

evidence from "other sources." *Dodrill*, 12 F.3d at 919.

Since the ALJ rejected the third-party statements only because they were

similar to Plaintiff's symptom statements, the ALJ will also readdress the third-

party statements upon remand.

### CONCLUSION

The decision whether to remand for further proceedings or reverse and

award benefits is within the discretion of the district court. *McAllister v. Sullivan*,

888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate

where "no useful purpose would be served by further administrative proceedings,

or where the record has been thoroughly developed," *Varney v. Sec'y of Health &*

*Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by

remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280

(9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court

may abuse its discretion not to remand for benefits when all of these conditions are

met). This policy is based on the "need to expedite disability claims." *Varney*,

859 F.2d at 1401. But where there are outstanding issues that must be resolved

before a determination can be made, and it is not clear from the record that the ALJ

would be required to find a claimant disabled if all the evidence were properly

evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

(9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ needs to properly address Plaintiff's symptom statements and the third-party statements in making the RFC determination. The ALJ also will supplement the record with any outstanding medical evidence and call a vocational expert to testify at the remand proceedings.

ACCORDINGLY, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** February 5, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
